

Kelly E. Farnan
302-651-7705
farnan@rlf.com

June 25, 2025

**VIA CM/ECF**
The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re: *Anaconda, Inc. v. Intel Corporation*, C.A. 24-925-CFC

Dear Chief Judge Connolly:

      I write on behalf of the parties with respect to Plaintiff Anaconda, Inc.'s ("Anaconda") request that the Court set a Rule 16 conference in the above-captioned case. Defendant Intel Corporation ("Intel") opposes the request and the parties' positions are set forth below.

**Anaconda's Position:**

      Anaconda filed its Complaint alleging copyright infringement against Intel on August 8, 2024. D.I. 1. On October 3, 2024, Intel filed an Answer (D.I. 14), a Motion to Stay (D.I. 15), and a Motion to Strike (D.I. 18). Given the length of time this case has been pending, Anaconda respectfully submits that this case should move forward. There is no automatic stay of discovery under the Federal Rules when a motion has been filed, particularly where an Answer has also been filed. To the contrary, Rule 26(f) directs the parties to confer "as soon as practicable" and Rule 16 likewise provides that the Court issue a Scheduling Order "as soon as practicable."

      In addition, as the Court may recall, this action is related to another action pending in this Court related to Anaconda's copyrighted works. *See Airbus SAS, et al v. Anaconda, Inc.*, C.A. No. 25-178-CFC. The Court recently held a scheduling conference in that case and entered a Scheduling Order. C.A. No. 25-178-CFC, D.I. 24. So that the parties and the Court can take advantage of any efficiencies in having the cases move forward together, Anaconda believes it is appropriate to have a Rule 16 conference now.

The Honorable Colm F. Connolly
Page 2

Anaconda has been willing to participate in a private dispute resolution process with the understanding that Intel would promptly engage in mediation. In fact, Intel represented to the Court eight months ago, in October 2024, that it sought "a limited, 60-day stay, during which time mediation can be coordinated amongst the parties swiftly, with nominal delay to the entirety of the proceedings." D.I. 31 at 2 (internal quotation omitted). Notwithstanding those representations, the parties have been working to schedule that mediation for several months and have yet to be able to find an agreeable date to mediate. Further, even if the parties could find an agreeable date to mediate by August 31, under Intel's proposal, a scheduling conference would be delayed until at least the Fall, 2025. Given that Anaconda's litigation has been pending for nearly a year and Intel represented that any mediation would result in no more than a nominal delay, there is no basis for further delaying a Rule 16 conference. We are, of course, available to discuss any of the foregoing at the Court's convenience.

**Intel's Position:**

Intel respectfully requests that the Court decline Anaconda's request for a Rule 16 conference. The request is premature. On October 3, 2024, prior to the case being re-assigned to Your Honor, Intel filed a motion to stay the litigation pending the parties' agreed-upon, mandatory dispute resolution process (D.I. 15). That motion is fully briefed and awaiting disposition. If the motion is granted, the litigation will be stayed to allow the parties to complete their agreed-upon, mandatory dispute resolution process. If the motion is denied, Intel will be prepared to address a case schedule at that time, if needed.

In the interim, the parties are engaged in the dispute resolution process. The parties have agreed to mediate with a private mediator, selected the mediator, and are in the process of securing a mediation date. The parties just received available mediation dates from the mediator last week. Mediation is expected to take place by August 31, 2025. Given the status, Intel's position is that a Rule 16 conference at this time would be an unnecessary waste of the Court's resources. Instead, Intel proposes that the parties file a joint status report within fourteen (14) days after the conclusion of the mediation to address case scheduling needs, if any, that exist at that time.

We appreciate the Court's consideration of this request and remain available at the Court's convenience.

The Honorable Colm F. Connolly
Page 3

Respectfully,

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)

cc: All Counsel of Record (via CM/ECF)