IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANACONDA, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 24-925-CFC |
| INTEL CORPORATION, | |
| Defendant. | |

### **MEMORANDUM ORDER**

Pending before me is Defendant Intel's Motion to Strike Demand for Statutory Damages and Attorney's Fees. D.I. 18.

Under Federal Rule of Civil Procedure 12(f), "[t]he court *may* strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Rule 12(f) does not require the court to strike any material from a pleading, and "[m]otions to strike are generally disfavored and ordinarily are denied unless the [challenged] allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (internal quotation marks omitted).

Intel has not identified, and I cannot think of, any prejudice Intel will suffer if Plaintiff Anaconda's demands for statutory damages and attorney's fees are not

struck from the Complaint. Intel says that "removing Anaconda's ability to elect statutory damages or recover attorneys' fees[] will shape the case dynamic and scope of discovery." D.I. 30 at 1. But it does not say, let alone demonstrate, that allowing Anaconda's demands to remain in the Complaint increases the costs of litigating this action. And Intel is of course free to argue in a summary judgment motion that Anaconda cannot recover statutory damages or attorneys' fees as a matter of law.

NOW THEREFORE, at Wilmington on this Fourteenth Day of July in 2025, it is HEREBY ORDERED that Defendant Intel's Motion to Strike Demand for Statutory Damages and Attorney's Fees (D.I. 18) is DENIED.

_____
CHIEF JUDGE